UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

In the Matter of the Application of

Oleg Vladimirovich Deripaska, for an order, pursuant to 28 U.S.C. § 1782, to obtain discovery from Arik Kislin for use in an action pending in the High Court of Justice, Queen's Bench Division, Commercial Court, styled *Michael Cherney v. Oleg Vladimirovich Deripaska*, Claim No. 2006 Folio 1218.

Misc. No. _____

MISC 12 - 0186

## DECLARATION OF JUDD R. SPRAY
## IN SUPPORT OF OLEG VLADIMIROVICH DERIPASKA'S
## APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER
## COMPELLING DISCOVERY FOR USE IN A FOREIGN LITIGATION

Judd R. Spray declares as follows pursuant to 28 U.S.C. § 1746 and Rule 1.4 of the Local Rule of the United States District Courts for the Southern and Eastern Districts of New York:

1. I am a member of the Bar of this Court and Of Counsel to Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") in its New York office. I make this affirmation in support of Oleg Vladimirovich Deripaska's application pursuant to 28 U.S.C. § 1782 for issuance of an order compelling Arik Kislin to produce certain documents for use in a civil proceeding entitled *Michael Cherney v. Oleg Vladimirovich Derispaska*, Claim No. 2006 Folio 1218, currently pending in England before the High Court of Justice, Queen's Bench Division (the "English Action"). No prior application has been made for the relief requested herein, except for the March 7, 2012 application to the Southern District of New York, index number 12 MISC 00075, which has been voluntarily withdrawn for the reasons stated in the Declaration of Zena Mount-Namson, dated March 8, 2012.

2. I am familiar with the facts set forth in this Declaration, either from personal knowledge, on the basis of documents that have been provided to me, or from discussions with my colleagues in Quinn Emanuel's London office.

3. Mr. Cherney[1] brought the English Action against Mr. Deripaska in 2006. Quinn Emanuel represents Mr. Deripaska in the English Action, through attorneys in its London office, and Dechert LLP ("Dechert") represents Mr. Cherney.

4. I have been informed that Mr. Cherney's attorneys have received notice of this application and have consented to Mr. Deripaska's use of documents from the English Action in support of the instant application on the condition that Mr. Derispaska attach a Schedule C to his proposed subpoena, requesting certain documents from Mr. Kislin, and on the further condition that all documents produced in connection with this application also be produced to Mr. Cherney.

5. Mr. Derispaska seeks expedited relief from this Court by order to show cause because trial in the English Action is scheduled for May 28, 2012 and therefore needs the evidence sought through this application reasonably in advance of that date.

6. Mr. Cherney's claims against Mr. Deripaska are set forth in an amended pleading titled "Amended Particulars of Claim," dated December 2, 2007. A true and correct copy of the Amended Particulars of Claim is attached hereto as Exhibit 1. Mr. Deripaska's primary defenses are set forth in a pleading titled "Defence," dated March 22, 2010. A true and correct copy of the Defence is attached hereto as Exhibit 2. Mr. Cherney's response is set forth in a re-amended pleading titled "Re-Amended Reply," dated October 27, 2011. A true and correct copy of the Re-Amended Reply is attached hereto as Exhibit 2A. Messrs. Deripaska and Cherney jointly submitted a "Case Memorandum," dated September 15, 2010, to the English court describing in

---

[1] Mr. Cherney's surname is transliterated from Russian in a variety of ways, including Chernoy, Cherniy, Tchernyi, and Tchernyl. For the sake of clarity, he is referred to throughout this Declaration as "Mr. Cherney."

2

further detail the issues in dispute. A true and correct copy of the Case Memorandum is attached hereto as Exhibit 3.

7. Arik Kislin[2] was a long-term agent and associate of Mr. Cherney's and played an important role in Mr. Cherney's business affairs from at least 1992 until the two apparently parted ways in approximately 2007. Evidence adduced in the English Action demonstrates Mr. Kislin's prominence in the management of various corporations owned or operated by Mr. Cherney.

8. Prior to his apparent falling out with Mr. Cherney, Mr. Kislin served as a "mandator" for, or was "authorized to give instructions" on behalf of, various corporations owned or operated by Mr. Cherney through the Liechtenstein-based fiduciary Praesidial Anstalt and its subsidiary company Syndikus Treuhandanstalt (together, "Praesidial"). I am informed that the mandator of a Liechtenstein corporation has the authority (by way of contractual mandate) to give instructions on behalf of that corporation.

9. Attached as Exhibit 4 hereto is a true and correct copy of a document stamped C3050-C3053. The document is written in German and English and indicates that as of May 1998, Messrs. Cherney and Kislin were authorized to give instructions for the corporate entity Archers Trading Ltd. *See* Ex. 4 at C3051.

10. Attached as Exhibit 5 hereto is a true and correct copy of a document stamped C3058. The document is written in German. I am informed that the document indicates

---

[2] Mr. Kislin is referred to in documents by various names, including Arnold Kislin, Arnold Aric Kislin, or Arik Mikhailovitch Kislin. In the English Action, Mr Cherney admits that Arnold Kislin is indeed the same person as Arik Kislin. For the sake of clarity, he is referred to throughout this Declaration as "Mr. Kislin."

3

that as of May 1998, Mr. Kislin had authority to give instructions ("weisungrecht") for the corporate entity Archers Trading Ltd.

11. Attached as Exhibit 6 hereto is a true and correct copy of a document stamped C3059. The document is written in German. I am informed that the document indicates that as of July 1999, Mr. Kislin had authority to give instructions ("weisungrecht") for the corporate entity Archers Trading Ltd.

12. Attached as Exhibit 7 hereto is a true and correct copy of a document stamped C8089-92. The document is written in German and English and indicates that as of July 1994, Mr. Kislin was authorized to give instructions for the corporate entity Bluzwed Metals Ltd. *See* Ex. 7 at C8090.

13. Attached as Exhibit 8 hereto is a true and correct copy of a document stamped C12216A–G . The document is written in German and English and indicates that as of April 1992, Messrs. Cherney and Kislin were mandators of, and authorized to give instructions for, the corporate entity Furlan-Anstalt. *See* Ex. 8 at C12216B.

14. Attached as Exhibit 9 hereto is a true and correct copy of a document stamped C12229-C122230. The document purports to be a by-law established for Furlan-Anstalt in June 1992, stating that Mr. Cherney is the "first beneficiary" of all assets, revenues, and possible liquidation proceeds of Fulran-Anstalt, and that Mr. Kislin is the second beneficiary.

15. Attached as Exhibit 10 hereto is a true and correct copy of a document stamped C12217-20. The document is written in German and English and indicates that, as of February 1993, Mr. Cherney was the mandator for Furlan-Anstalt and that he and Mr. Kislin were authorized to give instructions for Furlan-Anstalt. *See* Ex. 10 at C12218. The document further indicates that Mr. Kislin had power of attorney for Furlan-Anstalt. *Id.* at C12219.

4

16. Attached as Exhibit 11 hereto is a true and correct copy of a document stamped C12343A-D. The document is written in German and English and indicates that, as of March 1993, Mr. Cherney was the mandator for the corporate entity Galenit Foundation and that he and Mr. Kislin were authorized to give instructions for Galenit Foundation. *See* Ex. 11 at C12343B.

17. Attached as Exhibit 12 hereto is a true and correct copy of a document stamped C12594-C12595. The document is written in German and English and indicates that, as of July 1994, Mr. Kislin was authorized to give instructions on behalf of the corporate entity Hades Foundation. *See* Ex. 12 at C12594.

18. Attached as Exhibit 13 hereto is a document stamped C12596-C12599. The document is written in German and English and indicates that, as of July 1994, Mr. Kislin was authorized to give instructions on behalf of Hades Foundation (although Mr. Kislin's name is crossed out on the version of Exhibit 13 produced in the English Action). *See* Ex. 13 at C12597.

19. Attached as Exhibit 14 hereto is a true and correct copy of a document stamped C12830O-C12830P. The document is written in German and English and indicates that, as of March 1992, Mr. Kislin was the mandator for, and authorized to give instructions on behalf of, the corporate entity Hiler Establishment. *See* Ex. 14 at C12830O.

20. Attached as Exhibit 15 hereto is a true and correct copy of a document stamped C39478-C39481. The document is written in German and English and indicates that, as of September 1992, Mr. Kislin was the mandator for, and authorized to give instructions on behalf of, the corporate entity Republic Establishment. *See* Ex. 15 at C39479.

21. Attached as Exhibit 16 hereto is a true and correct copy of a document stamped C39482-C39483. The document is written in German and English and indicates that, as of September 1992, Mr. Kislin was the mandator for, and authorized to give instructions on behalf of, Republic Establishment. *See* Ex. 16 at C39482.

22. Attached as Exhibit 17 hereto is a true and correct copy of a document stamped C39484-C39487. The document is written in German and English and indicates that, as of September 1992, Mr. Kislin was the mandator for, and authorized to give instructions on behalf of, the corporate entity Republic Establishment. *See* Ex. 17 at C39485.

23. Attached as Exhibit 18 hereto is a true and correct copy of a document stamped C21735-C21737. The document is written in German and English and indicates that, as of February 1993, Mr. Cherney was the mandator for Republic Establishment and that he and Mr. Kislin were authorized to give instructions for Republic Establishment. *See* Ex. 18 at C21736. The document further indicates that Mr. Kislin had power of attorney for Republic Establishment. *Id.* at C21737.

24. Attached as Exhibit 19 hereto is a true and correct copy of a document stamped C21753-C21754. The document purports to be a by-law established for Republic Establishment in February 1993, stating that Mr. Cherney is the "first beneficiary" of all assets, revenues, and any liquidation proceeds of Republic Establishment, and that Mr. Kislin is the second beneficiary.

25. Attached as Exhibit 20 hereto is a true and correct copy of a document stamped C21755-C21756. The document purports to be a by-law established for Republic Establishment in May 1993, stating that Mr. Cherney is the "first beneficiary" of all assets,

6

revenues, and any liquidation proceeds of Republic Establishment, and that Mr. Kislin is the second beneficiary.

26. Attached as Exhibit 21 hereto is a true and correct copy of a document stamped C39357A-D.

27. Blonde Management Corporation ("Blonde Management") was incorporated on April 9, 1992, and dissolved on June 13, 2002.

28. Attached as Exhibit 22 hereto is a true and correct copy of a letter dated December 17, 2010, from Dechert to Quinn Emanuel.

29. Attached as Exhibit 23 hereto is a true and correct copy of a letter dated February 8, 2011, from Dechert to Quinn Emanuel.

30. Attached as Exhibit 24 hereto is a true and correct copy of a letter dated February 17, 2011, from Dechert to Quinn Emanuel (without the index that was enclosed with the original letter).

31. Attached as Exhibit 25 hereto is a true and correct copy of a letter dated March 24, 2011, from Dechert to Quinn Emanuel.

32. Attached as Exhibit 26 hereto is a true and correct copy of Mr. Cherney's statement to the Swiss Department of Justice and Police, dated May 22, 1994, stamped BE00008394-96, and the English translation thereof, stamped ICD_00000038_036.

33. Attached as Exhibit 27 hereto is a true and correct copy of the minutes of a hearing before a Swiss investigating judge on May 26, 1994, stamped CS19641-CS19648, and the unstamped English translation thereof.

34. Attached as Exhibit 28 hereto is a true and correct copy of a Decision and Order of Justice Shirley Werner Kornreich of the Supreme Court of New York, County of New York, dated August 10, 2004.

35. Attached as Exhibit 29 hereto is a true and correct copy of a business card bearing Mr. Cherney's name and the name "Blonde Management."

36. Attached as Exhibit 30 hereto is a true and correct copy of the results of a search conducted on LexisNexis for public records relating to Blonde Management.

37. Attached as Exhibit 31 hereto is a true and correct copy of the results of a search conducted on LexisNexis for public records relating to Cherney Trading Corp. of New York.

38. Attached as Exhibit 32 hereto is a true and correct copy of the Third Witness Statement of Susan Rachel Prevezer QC, dated November 1, 2011, that was submitted in support of Mr. Deripaska's discovery application in the English Action.

39. Attached as Exhibit 33 hereto is a true and correct copy of a memorandum recording a discussion among Mr. Kislin and others on December 6, 1994, stamped C9399A-B, and the English translation thereof, stamped C9399C-D.

40. Attached as Exhibit 34 hereto is a true and correct copy of a document printed on Blonde Management Corp. letterhead, dated February 9, 1994, and stamped C12699F.

41. Attached as Exhibit 35 hereto is a true and correct copy of a document printed on Blonde Management letterhead, dated April 25, 1994, and stamped C12699M.

42. Attached as Exhibit 36 hereto is a true and correct copy of a document stamped C12699X evidencing a request to transfer 54,406.75 Swiss Francs from Hiler Establishment to Trenton Business Corp.

8

43. Attached as Exhibit 37 hereto is a true and correct copy of the cover page of a December 1994 interim report of the Organization Intelligence Unit of the Federal Bureau of Investigation, along with pages 16-17 of that report.

44. Attached as Exhibit 38 hereto is a true and correct copy of the results of a search conducted on LexisNexis Accurint for public records relating to Arik Kislin.

45. Attached as Exhibit 39 hereto is a true and correct copy of a document titled "Formation and/or administration contract." The document is written in English and German and indicates that, as of January 12, 1994, Mr. Kislin was authorized to give instructions for Trenton Business Corporation.

46. Attached as Exhibit 40 hereto is a true and correct copy of a debit advice dated December 19, 1994 evidencing the payment of $50,000 from CCT Consul Consult & Trade Establishment to Challengers International Corp, and stamped BE00014338.

47. Attached as Exhibit 41 hereto is a true and correct copy of a share transfer agreement between AO Mirabel and Hiler Establishment, dated May 7, 1992 and the English translation thereof, both documents unstamped.

48. Attached as Exhibit 42 hereto is a true and correct copy of a resolution of June 16, 2003 of the Investigative Committee of the Ministry of Internal Affairs of Russia stamped BE00101794-BE00101795 and the English translation thereof, stamped "Translation of BE00101794-BE00101795."

49. Attached as Exhibit 43 hereto is a true and correct copy of the Report prepared by George Philippides on Mr. Cherney's wealth (the "Philippides Report"), stamped C29967- C30009. The document concerns Mr Cherney's investment in certain properties and the amount of profit generated from the sale of those properties during the mid-1990s.

50. Attached as Exhibit 44 hereto is a true and correct copy of the Limited Liability Company Agreement of CMC Falchi Holding Company L.L.C., dated June 1, 1996.

51. Attached as Exhibit 45 hereto is a true and correct copy of the Limited Liability Company Agreement of CMC Factory Holding L.L.C. dated June 1, 1996, and stamped BE00024838-BE00024868.

52. Attached as Exhibit 46 hereto is a true and correct copy of the Limited Liability Company Agreement of CMC Center Holding L.L.C. dated June 1, 1996 and stamped COL_039_00000061_0001.

53. Attached as Exhibit 47 hereto is a true and correct copy of the Limited Liability Company Agreement of CMC MIC Holding Company L.L.C dated June 1, 1996.

54. Attached as Exhibit 48 hereto is a true and correct copy of the Mortgage Loan Purchase Agreement dated October 26, 1993.

55. Attached as Exhibit 49 hereto is a true and correct copy of a ledger evidencing credit and debit information for Around the Clock Corp.

56. Attached as Exhibit 50 hereto is a true and correct copy of a Master Agreement, dated June 1, 1996.

57. Attached as Exhibit 51 hereto is a true and correct copy of the Affirmation of David E. Bamberger in Support of Mr. Cherney's Motion for Protective Order in the Gliklad litigation, filed on September 22, 2010.

58. Attached as Exhibit 52 hereto is a true and correct copy of a personal services agreement between Michael Cherney and Blonde Management, dated April 4, 1992. Mr. Kislin appears to have signed the contract on behalf of "Blonde Management Group."

59. Attached as Exhibit 53 hereto is a true and correct copy of the Fourteenth Witness Statement of Andrew Elliot Tracey Hearn dated February 7, 2012, that was submitted in response to Mr. Deripaska's application to amend his Defence in the English Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 8, 2012.

*(signature)*
Judd R. Spray